# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILES BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>ELMWOOD PARK POLICE DEPT., et al.,<br><br>    Defendants. | Civil Action No. 19-9565 (SDW)<br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about April 8, 2019, Plaintiff, Giles Brown, a convicted state prisoner confined in South Woods State Prison, filed a civil complaint in which he seeks to raise claims against several police officers and the Elmwood Park Police Department based on alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Document 1 attached to ECF No. 1). Plaintiff thereafter filed a motion seeking the appointment of counsel. (ECF No. 2).

2. As Plaintiff has shown that he is entitled to *in forma pauperis* status, Plaintiff's application (Document 1 attached to ECF No. 1) shall be granted. *See* 28 U.S.C. § 1915(a).

3. Because Plaintiff will be granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

1

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

2

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff essentially asserts that two officers of the Elmwood Park Police Department, Detectives Kochis and Woods, planted drugs upon him and several others, falsely arrested him based on that evidence, falsely imprisoned him in turn, and then engaged in malicious prosecution of a drug related charge. (ECF No. 1 at 2-3). Plaintiff also asserts that they testified falsely at an evidentiary hearing during his prosecution. In addition to Detectives Kochis and Woods, Plaintiff also names as Defendants the Elmwood Park Police Department and the Chief of that Department. (*Id.* at 1-2). Plaintiff, however, pleads no facts about actions taken by the chief or how any Department policy impugned his rights.

7. Turning first to the police department, a New Jersey police department

> is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14-118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Pol[.] Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam; not precedential) ("We further agree with the District Court that the police department was not a proper party to this action. Although local government units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted)[;] [*s*]*ee also Boneberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) ([c]ourt[s] "treat[] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n. 1 (D.N.J. 1996).

*Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014). Plaintiff's claims against the police department are therefore dismissed.

8. Although Plaintiff names the chief of the Elmwood Park Police as a Defendant in this matter, Plaintiff fails to plead any personal involvement by the chief in the alleged wrongs. Under § 1983, a claim for supervisory liability may not be premised solely on a respondeat superior theory of liability. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A "defendant in a civil rights action must [instead] have personal involvement in the alleged wrongs" and a plaintiff must therefore plead a supervisory defendant's involvement in the alleged violation through means other than vicarious liability. *Rode*, 845 F.2d at 1207-08. Generally, this requires the plaintiff to show each supervisor's participation by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading supervisory liability must establish defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence, to be liable"). As Plaintiff pleads no actual involvement by the chief, he has failed to plead a viable supervisory liability claim against him, and Plaintiff's claims against the chief are therefore dismissed without prejudice.

9. As to the remaining Defendants, Kochis and Woods, Plaintiff seeks to raise claims against them in both their individual and official capacity. A suit against a state or county official in their official capacity "represent[s] only another way of pleading an action against the entity of which an officer is an agent," in this case the municipality of Elmwood Park which operates the

Elmwood Park police. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). A claim against a municipality, however, can only be made out by showing that the constitutional violations alleged occurred because of a policy, practice, or custom put into place by the municipality itself. *Monell*, 436 U.S. at 694. Plaintiff has alleged no such policy, practice, or custom, and thus his official capacity claims against Kochis and Woods must be dismissed without prejudice.

10. Turning to Plaintiff's individual capacity claims against Kochis and Woods, Plaintiff fails to state a claim for malicious prosecution. To plead a viable claim for malicious prosecution, a plaintiff must plead that

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). As Plaintiff has not pled that his criminal prosecution terminated in his favor – to the extent his current imprisonment arises out of these charges he could not do so without having his conviction invalidated – and as such his malicious prosecution claims must be dismissed.[1]

---

[1] To the extent Plaintiff wished to raise a claim separate and apart from malicious prosecution based on the alleged planting of evidence, the Third Circuit has recognized a stand-alone claim for the use of fabricated evidence against an individual in a criminal trial. *See Halsey*, 750 F.3d at 291-95. To plead such a claim, however, a plaintiff must plead that evidence was fabricated, that the evidence was used against him at a trial resulting in his conviction, and that the alleged fabricated evidence was of such import that "it could have affected the outcome of the criminal case." *Id.* at 295. Plaintiff has not pled that he was convicted, nor has he pled any facts regarding how the alleged planted evidence was used against him at trial, and as such has not pled a stand-

5

11. Plaintiff also asserts that the officers filed a false police report against him. The filing of a false report, however, "is not itself a constitutional violation." *Washington v. Essex Cnty. Sheriff's Dep't*, No. 14-7453, 2017 WL 4858120, at *2 (D.N.J. Oct. 25, 2017) (quoting *Ellis v. Vergara*, No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec. 15, 2009). Plaintiff's "false report" allegation therefore fails to state a claim for which relief may be granted, and is dismissed as such.

12. In his final series of claims, Plaintiff asserts that he was falsely arrested and imprisoned by Defendants Kochis and Woods. That claim, however, arises out of Plaintiff's arrest and imprisonment on "January 9, 2015." (ECF No. 1 at 2). By January 2016, Plaintiff had already been arraigned and was proceeding to trial on the related drug charges (*id.*), and as such any false arrest and false imprisonment claim had surely accrued by that time at the absolute latest. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Actions brought pursuant to § 1983 in New Jersey are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Because Plaintiff's false arrest and imprisonment claims had accrued by January 2016, his two-year limitations period expired, absent some basis for equitable tolling, in January 2018. Plaintiff first raised the claims contained in his current complaint in this Court when he filed his previous complaint in July 2018, which has been administratively terminated since September 2018. (*See* Docket No. 18-11868 at ECF No. 1). Even giving Plaintiff the benefit of the July 2018 date, his claims are time barred by at least six months absent some basis for tolling. As this Court perceives no basis for the tolling of the limitations period, Plaintiff's remaining claims shall be dismissed without prejudice as time barred. Plaintiff shall be given leave to file an amended complaint raising any basis for tolling he may have within thirty days.

---

alone claim for planting evidence separate and apart from his malicious prosecution claim. Thus, to the extent Plaintiff intended to pursue such a claim, it is dismissed without prejudice at this time.

13. In conclusion, Plaintiff's application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) is GRANTED, Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety, Plaintiff is granted leave to file an amended complaint within thirty days addressing the deficiencies raised in this opinion, and Plaintiff's motion seeking the appointment of counsel (ECF No. 2) is DENIED WITHOUT PREJUDICE as moot in light of the dismissal of his complaint. An appropriate order follows.

Dated: April 18, 2019

                *s/ Susan D. Wigenton*
                Hon. Susan D. Wigenton,
                United States District Judge