# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

GILES BROWN,

    Plaintiff,

v.

ELMWOOD PARK POLICE DEPT., et al.,

    Defendants.

Civil Action No. 19-9565 (SDW)

MEMORANDUM OPINION

IT APPEARING THAT:

1. On or about April 8, 2019, Plaintiff, Giles Brown, a convicted state prisoner confined in South Woods State Prison, filed a civil complaint in which he seeks to raise claims against several police officers and the Elmwood Park Police Department based on alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1).

2. This Court dismissed that complaint without prejudice in its entirety on April 18, 2019. (ECF Nos. 3-4).

3. Plaintiff thereafter filed an amended complaint on or about May 10, 2019. (ECF No. 5). In his amended complaint, Plaintiff seeks to raise claims against Defendants Kochis and Woods for an alleged illegal search of his vehicle, for planting evidence against him, for malicious prosecution, filing a false report, and for racial profiling. Plaintiff also seeks to hold the Municipality of Elmwood Park liable for the illegal search because he believes that the Municipality has a policy which the arresting officers did not follow in arresting and searching him.

4. Because Plaintiff has been granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are

plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. Turning first to Plaintiff's official capacity claims and claim against the Municipality of Elmwood Park, this Court has previously explained that an official capacity claim is no different from a claim against the officer's employer – Elmwood Park. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). Regardless of whether pled as a direct claim or as a stand-alone claim against the municipality, a plaintiff may make out such a claim by showing that the constitutional violations alleged were caused by a policy, practice, or custom put into place by the municipality. *Monell*, 436 U.S. at 694. Here, Plaintiff identifies a policy, but directly alleges that the officers ignored and violated that policy in searching and arresting him. As the policy was thus not responsible for the alleged violation, Plaintiff has failed to plead a proper claim against Elmwood Park, and both Plaintiff's direct claim and official capacity claims must again be dismissed without prejudice. *Id.*

8. Plaintiff also once again seeks to bring malicious prosecution claims against the arresting officers, Kochis and Woods. As this Court previously explained to Plaintiff, to plead a viable malicious prosecution claim, he must allege that the criminal proceedings terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Plaintiff directly admits that he pled guilty to the charges pursuant to a plea agreement, and that the ensuing prosecution

3

therefore did not terminate in his favor. (ECF No. 5 at 3). Plaintiff thus has failed to state a valid claim for malicious prosecution, and that claim must again be dismissed.

9. Plaintiff also seeks to raise a stand-alone claim for the use of fabricated evidence in his amended complaint. As previously explained to Plaintiff, "To plead such a claim, however, a plaintiff must plead that evidence was fabricated, that the evidence was used against him at a trial resulting in his conviction, and that the alleged fabricated evidence was of such import that 'it could have affected the outcome of the criminal case.' [*Halsey,* 750 F.3d] at 295." (ECF No. 5 n. 1). Here, Plaintiff, despite his alleged belief that he had proven that the evidence against him was fabricated, did not proceed to trial, but instead chose to plead guilty. As Plaintiff pled guilty, and the alleged fabricated evidence against him was not used at trial, Plaintiff has failed to plead a viable stand-alone fabricated evidence claim under *Halsey*. Plaintiff's fabricated evidence claim is therefore dismissed.

10. Plaintiff's amended complaint next re-asserts his claim that the officers filed a false police report against him. The filing of a false report, however, "is not itself a constitutional violation." *Washington v. Essex Cnty. Sheriff's Dep't*, No. 14-7453, 2017 WL 4858120, at *2 (D.N.J. Oct. 25, 2017) (quoting *Ellis v. Vergara*, No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec. 15, 2009). Plaintiff's "false report" claim therefore once again fails to state a claim for which relief may be granted, and is dismissed as such.

11. In his final two claims, Plaintiff asserts that he was racially profiled[1] and that his car was illegally searched, both of which allegedly occurred at the time of his arrest in January 2015. As Plaintiff was present at the time of the search and was aware of the alleged basis for his racial

---

[1] Plaintiff alleges that this racial profiling arose because he was searched and arrested merely for speaking to a Caucasian woman. (ECF No. 5 at 2, 4). Plaintiff was thus aware of the alleged racial profiling at the time it occurred in January 2015. (*Id.*).

4

profiling claim at the time of his arrest, Plaintiff's claims, to the extent they have merit, accrued at the time they occurred. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The two-year statute of limitations applicable to such claims in New Jersey under § 1983, *see Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013), therefore began to run on the day of his arrest in January 2015. *Kach*, 589 F.3d at 634. Absent some basis for equitable tolling Plaintiff's two-year limitations period expired in January 2017. As Plaintiff has failed to provide any basis for equitable tolling in his amended complaint, and as this Court finds no such basis in the presented allegations, Plaintiff's final two claims are dismissed without prejudice as time barred.

12. In conclusion, Plaintiff's amended complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE in its entirety. An appropriate order follows.

Dated: May 16, 2019

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge